**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-003007-WJM-SKC

EMMANUEL C. THEUS-ROBERTS,

        Plaintiff,

v.

DEAN WILLIAMS
JOAN CARSON,

        Defendants.

---

**RECOMMENDATION RE: PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER [DKT. 33]**

---

This Recommendation addresses Plaintiff Theus-Robert's Motion for Temporary Restraining Order [Dkt. 33].[1] The Motion was referred to the magistrate judge. [Dkt. 42.] The Court has reviewed the Motion and related briefing.[2] For the following reasons, the Court recommends the Motion be DENIED.[3]

---

[1] The Court uses "[Dkt.__]" to refer to specific docket entries in CM/ECF.

[2] Plaintiff did not file a Reply. He instead filed a motion under Fed. R. Civ. P. 12(f) seeking to strike Defendants' response and requesting the Court issue a temporary restraining order. [Dkt. 44.] The Court construes the Motion to Strike as Plaintiff's Reply in support of his Motion for Temporary Restraining Order.

[3] The Tenth Circuit has held where a plaintiff "has failed to cite any Tenth Circuit authority that requires a district court to hold an evidentiary hearing prior to granting or denying" injunctive relief, the district court need not hold an evidentiary hearing. *Reynolds & Reynolds Co. v. Eaves,* 149 F.3d 1191 (Table), 1998 WL 339465,

1

### A.    BACKGROUND

Plaintiff is an incarcerated person currently housed at the Colorado State Penitentiary ("CSP"). [Dkt. 31.] He filed his Second Amended Complaint ("SAC") under 42 U.S.C. § 1983 alleging he was denied access to college-level academic programs in violation of the Fourteenth Amendment. [Dkt. 11, p. 4.] Specifically, he states Defendants promulgated Administrative Regulation 500-01, which he claims discriminates against certain classifications of persons detained at the CSP. [*Id.*] The SAC seeks declaratory and injunctive relief. [*Id.* at 7-8.]

Sometime after he filed his original complaint, Plaintiff was transferred to the Sterling Correctional Facility ("Sterling"). [Dkt. 11, p. 10.] Defendants thereafter filed a motion to dismiss arguing, in part, the Court lacked subject matter jurisdiction because Plaintiff no longer resided at CSP, mooting the SAC. [Dkt. 26, p. 5.] At some point, however, Plaintiff was transferred back to CSP; he filed a Notice of Change of Address confirming the same on June 14, 2021. [Dkt. 31.] The same day, he filed the Motion seeking a TRO to require his transfer back to the CSP from Sterling, and to prevent his "interstate or otherwise transfer" outside the CSP for the duration of these proceedings. [Dkt. 33, p. 2.]

---

at *3 (10th Cir. 1998); *see also Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000) ("An evidentiary hearing, however, is unnecessary to resolve these legal issues."). Holding an evidentiary hearing is otherwise left to the discretion of the district court. *Reynolds & Reynolds Co.*, 1998 WL 339465, at *3 ("the district court is free to [hold an evidentiary hearing] within its own discretion."). Plaintiff has not requested a hearing and the Court does not find one necessary.

### B.     LEGAL STANDARDS

Plaintiff is *pro se*. The Court must construe his Motion liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d at 1110.

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders and allows the entry of a TRO without notice to the restrained party in two limited circumstances not applicable here. Here, the opposing party has notice. In that case, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed.1995)).

Injunctive relief is an extraordinary remedy which should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Granting such "drastic relief" is the exception rather than the rule. *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir.1989); *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). A party requesting injunctive relief must clearly establish the following: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs the damage the proposed injunction may cause the opposing party; (3) the

3

injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla.,* 883 F.2d at 889.

"The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier*, 427 F.3d at 1267. And because the purpose of a preliminary injunction is to preserve the relative positions of the parties until trial, there are three types of injunctions that are disfavored: (1) those that alter the status quo; (2) mandatory preliminary injunctions; and (3) those that afford the movant all the relief that could be recovered after a trial on the merits. *Id.* at 1258-59. These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

## C.    DISCUSSION

As the Court understands his Motion, Plaintiff seeks a TRO preventing his transfer out of CSP to any location (locally or out of state) while this lawsuit is pending to ensure jurisdiction over his claims in this court. [Dkt. 33, p. 2.] Although he is now currently back at the CSP from Sterling, he also seeks a TRO requiring his transfer back to the CSP. The Court recommends denial of the latter request as moot.

Considering Plaintiff's request for a TRO to prevent his transfer outside the CSP, the Motion fails to address the four specific factors required to obtain injunctive

4

relief. This failure is basis alone to recommend denial of the Motion. But even considering some of those factors further supports a recommendation that the Motion be denied.

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). If the movant seeks an injunction that would alter the status quo, he must make a heightened showing, as mentioned above. *See id.* at 1209. Additionally, "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Plaintiff "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). The movant "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely

feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

The injunction Plaintiff seeks would alter, rather than preserve, the status quo by placing a restriction on Defendants they don't currently have, *i.e.*, a restriction on their ability to transfer incarcerated persons between and among custodial facilities. The law does not entitle Plaintiff to be housed at the facility of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Where a plaintiff requests an injunction that would require the court to interfere with the administration of a state or federal prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Federal courts do not oversee the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). This includes the ability to transfer incarcerated persons between facilities as their discretion dictates. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("[P]rison officials have discretion to transfer [prisoners] for whatever reason or for no reason at all."). For these reasons, Plaintiff

has not met his heightened burden associated with an injunction that would alter the status quo.

Plaintiff also has not shown irreparable harm. He has resided at CSP since his transfer back there in June 2021. [Dkt. 31.] While he argues it is not unreasonable to believe Defendants would transfer him from CSP to ensure "avoidance" of the Court's jurisdiction, his suspicious are too speculative and fail to account for legitimate transfers consistent with the Colorado Department of Correction's proper and lawful management of its facilities and those housed there. Plaintiff's arguments of irreparable harm are too speculative to meet his burden.

For the foregoing reasons, the Court RECOMMENDS DENYING the Motion.

DATED: December 15, 2021.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

\*     \*     \*

**Be advised the parties have 14 days after service of this recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and**

recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within 14 days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).