IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-3007-WJM-SKC

Emmanuel C. Theus-Roberts,

    Plaintiff,

v.

Dean Williams, and
Joan Carson,

    Defendants.

---

**ORDER ADOPTING DECEMBER 15, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE AND OVERRULING PLAINTIFF'S
OBJECTION TO ORDER DENYING MOTION**

---

This matter is before the Court on United States Magistrate Judge S. Kato Crews's December 15, 2021 Recommendation Re: Plaintiff's Motion for Temporary Restraining Order ("Recommendation"). (ECF No. 55.) Judge Crews recommended denying Plaintiff Emmanuel C. Theus-Roberts's motion seeking a temporary restraining order ("Motion") (ECF No. 33) against Defendants Dean Williams, Executive Director of the Colorado Department of Corrections ("CDC"), and Joan Carson, Associate Director of the Education Division at the CPD. Plaintiff filed a timely Objection to the Recommendation ("Objection") (ECF No. 56). For the reasons set forth below, Plaintiff's Objection is overruled, and the Recommendation is adopted.

**I. BACKGROUND**

Plaintiff is an incarcerated person currently housed at the Colorado State Penitentiary ("CSP"). (ECF No. 31.) He filed his Second Amended Complaint ("SAC")

under 42 U.S.C. § 1983, alleging that he was denied access to college-level academic programs in violation of the Fourteenth Amendment. (ECF No. 11 at 4.) Specifically, he states that Defendants promulgated Administrative Regulation 500-01, which he claims discriminates against certain classifications of persons detained at the CSP. (*Id.*) In the SAC, Plaintiff seeks declaratory and injunctive relief. (*Id.* at 7–8.)

After he filed his original complaint, Plaintiff was transferred to the Sterling Correctional Facility. (ECF No. 11 at 10.) Defendants thereafter filed a motion to dismiss, arguing in part that Plaintiff's claims were moot because he no longer resided at CSP. (ECF No. 26 at 5.) At some point, however, Plaintiff was transferred back to CSP, and he filed a Notice of Change of Address confirming his transfer on June 14, 2021. (ECF No. 31.) The same day, he filed the Motion seeking a temporary restraining order to require his transfer back to the CSP and to prevent his "interstate or otherwise transfer" outside the CSP for the duration of these proceedings. (ECF No. 33 at 2.)

Defendants responded to the Motion on July 6, 2021 (ECF No. 37), and the Motion was referred to Judge Crews on July 16, 2021. (ECF No. 42.) On July 21, 2021, Plaintiff filed a Motion to Strike (ECF No. 44), which Judge Crews construed as a reply to Defendants' response to the Motion. (ECF No. 55 at 1.)

On December 15, 2021, Judge Crews recommended that the Motion be denied (ECF No. 55), and on December 29, 2021, Plaintiff filed this Objection (ECF No. 56).

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal. *See, e.g., Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). To meet this burden, a party seeking a preliminary

3

injunction must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest.  *See, e.g., Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

### III. ANALYSIS

In his Objection, Plaintiff argues that Judge Crews misinterpreted the Motion. (ECF No. 56 at 1.)  Plaintiff argues that Judge Crews interpreted the Motion to be a request for the "court's intervention so that [Plaintiff] may be housed at [a] particular facility."  (*Id.*)  However, according to Plaintiff, the Motion was actually requesting the court's intervention to protect his "First Amendment right to access the courts."  (ECF No. 56 at 3.)  But the Court has reviewed the Motion, and the First Amendment is not mentioned even once.  (*See generally* ECF No. 33.)  Plaintiff's argument that the Motion should have been granted to safeguard his First Amendment rights has been waived because he failed to make that argument before Judge Crews.  *See Reyes v. Larimer Cnty.*, 796 F. App'x 497, 499 (10th Cir. 2019) ("[A]rguments and claims raised for the first time in an objection to a magistrate judge's report and recommendation are waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

In his Recommendation to deny Plaintiff's Motion, Judge Crews reasoned that "the Motion fails to address the four specific factors required to obtain injunctive relief. This failure is basis alone to recommend denial of the Motion."  (ECF No. 55 at 4–5.) Plaintiff does not specifically object to this part of the Recommendation, and thus, the Court finds that it is appropriate to review Judge Crews's Recommendation for clear error.  *Summers*, 927 F.2d at 1167.  The Court has reviewed the Motion and agrees

4

with Judge Crews that Plaintiff has failed to address all the factors required to obtain injunctive relief.  Specifically, Plaintiff makes no argument that: (1) he is likely to succeed on the merits; (2) the threat of harm to Plaintiff outweighs any harm to the non-moving party; or (3) the injunction would not adversely affect the public interest.  (*See generally* ECF No. 33.)  Therefore, the Court finds that Judge Crews did not err by recommending that the Motion should be denied because the Plaintiff failed to make any argument regarding three of the four factors required to obtain injunctive relief.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 56) is OVERRULED;

2. Judge Crews's Recommendation (ECF No. 55) is ADOPTED in its entirety; and

3. Plaintiff's Motion for Temporary Restraining Order (ECF No. 33) is DENIED.

Dated this 13th day of January, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge