**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-3007-WJM-SKC

EMMANUEL C. THEUS-ROBERTS,

     Plaintiff,

v.

DEAN WILLIAMS, Executive Director, and
JOAN CARSON, Associate Director of Education,

     Defendants.

---

## ORDER DENYING PLAINTIFF'S AFFIDAVIT AND RENEWED MOTION FOR TRO

---

On December 15, 2021, United States Magistrate Judge S. Kato Crews issued a

Report and Recommendation ("Recommendation") recommending that the Court deny

Plaintiff's motion seeking a temporary restraining order ("TRO") against Defendants

Dean Williams and Joan Carson.  (ECF No. 55.)  In the Recommendation, Judge Crews

explained that Plaintiff sought declaratory and injunctive relief against Defendants

based on their promulgation of a regulation which Plaintiff argues discriminates against

certain classifications of persons detained at the Colorado State Penitentiary ("CSP").

(*Id.* at 2.)

After he filed his complaint, Plaintiff was transferred to the Sterling Correctional

Facility ("Sterling").  (*Id.*)  Defendants filed a motion to dismiss, arguing that the Court

lacked subject matter jurisdiction because Plaintiff no longer resided at CSP, mooting

his claims.  (*Id.*)  However, at some point, Plaintiff was transferred back to CSP.  (*Id.*)

Thereafter, he filed a motion seeking a TRO to require his transfer back to CSP from

Sterling, and to prevent his "interstate or otherwise transfer" outside the CSP for the duration of these proceedings to ensure the Court retains jurisdiction over his claims. (*Id.*)

In the Recommendation, Judge Crews noted that Plaintiff's motion for TRO failed to address the four specific factors required to obtain injunctive relief, which alone constitutes a basis to deny the motion. (*Id.* at 4–5.)  Nonetheless, Judge Crews considered whether Plaintiff demonstrated a substantial likelihood of success on the merits and irreparable harm, and found Plaintiff had not satisfied either factor. (*Id.* at 6–7.)  Accordingly, he recommended denial of the motion.

On December 29, 2021, Plaintiff filed objections to the Recommendation. (ECF No. 56.)  On January 13, 2022, the Court considered Plaintiff's objections, overruled them, and adopted the Recommendation ("Order Adopting Recommendation"). (ECF No. 57.)

Now before the Court is Plaintiff's Affidavit and Renewed Motion for TRO ("Renewed Motion"), filed on February 15, 2022. (ECF No. 58.)  Defendants have not responded to the Renewed Motion.  However, the Court finds that it can resolve the Renewed Motion without further briefing.

The Court hereby incorporates by reference the Recommendation and the Order Adopting Recommendation. (ECF Nos. 55, 57.)  In the Renewed Motion, Plaintiff informs the Court that at some point either on February 3 or 5, 2022, he was transferred to the Indiana Department of Corrections. (ECF No. 58 at 2.)  He states that Defendants have "effectively chilled [his] 1st Amendment right to petition the courts for redress of constitutional violations or grievances." (*Id.*)  Therefore, he requests a

hearing so the Court may determine whether it is a valid use of discretionary authority to transfer prisoners to avoid federal jurisdiction, as Defendants have now twice done. (*Id.*)

Under Federal Rule of Civil Procedure 65, a party seeking a TRO must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest.  *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

Like Plaintiff's previous motion, his Renewed Motion fails to address, much less show, a likelihood of success on the merits, a threat of irreparable harm, that the balance of equities weigh in his favor, or that the injunction is in the public interest.  (*See generally* ECF No. 58.)  Rather, in the Renewed Motion, Plaintiff merely points out to the Court that he was transferred to another correctional facility.  (*Id.* at 2.)

Therefore, the Court DENIES Plaintiff's Affidavit and Renewed Motion (ECF No. 58) due to Plaintiff's failure to address the four specific factors required under Rule 65 to obtain injunctive relief.[1]

---

[1] To the extent Plaintiff attempts to incorporate by reference his analysis from previously filed motions into the Renewed Motion, he may not do so.  *See Wilson v. Pauling*, 457 F. Supp. 3d 965, 978 n.2 (D. Colo. 2020) (recognizing that Fed R. Civ. P. 10(c) only allows statements in a *pleading* to be adopted by reference in a motion and that "[n]o authority extends Rule 10(c) to incorporation of a party's prior motion into a later motion").  And even if he were permitted to do so, which he is not, Plaintiff's previously filed motion seeking the same relief also failed to address the Rule 65 factors.

Dated this 18th day of February, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4