**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-3007-WJM-SKC

EMMANUEL C. THEUS-ROBERTS,

    Plaintiff,
v.

DEAN WILLIAMS, and
JOAN CARSON,

    Defendants.

_____

**ORDER ADOPTING FEBRUARY 22, 2022
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

    This matter is before the Court on the February 22, 2022 Recommendation of United States Magistrate Judge S. Kato Crews (the "Recommendation") (ECF No. 60) that Defendants' Motion to Dismiss (ECF No. 26) be granted.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    On February 24, 2022, the Recommendation was served by mail to Plaintiff's last known address, the Indiana Department of Correction Reception-Diagnostic Center.  (ECF No. 61.)  Under Federal Rule of Civil Procedure 72(b), Plaintiff had fourteen days after service of the Recommendation to file any written objections.  On March 18, 2022, having received no objections, this Court adopted the Recommendation in its entirety and dismissed all claims against Defendants.  (ECF No. 63.)  Accordingly, judgment was entered in favor of Defendants and against Plaintiff on March 18, 2022.  (ECF No. 64.)  However, on March 25, 2022, the copy of the Recommendation mailed to Plaintiff on February 24, 2022 was returned as undeliverable.  (ECF No. 67.)  Apparently, Plaintiff

1

had in the interim been transferred from the Indiana Department of Correction Reception-Diagnostic Center to the Pendleton Correctional Facility ("Pendleton").  (ECF Nos. 66, 68.)  Because of his transfer, Plaintiff had not received the Recommendation.

From his new address at Pendleton, Plaintiff filed by mail: (1) a Motion for Leave to Amend Second Amended Complaint ("Motion for Leave to Amend") (ECF No. 66); and (2) a Motion Pursuant to Federal Rule of Civil Procedure 65(a) ("Motion for Preliminary Injunction") (ECF No. 68).

Given Plaintiff's *pro se* status, in the interest of justice the Court elected to construe Plaintiff's Motion for Leave to Amend—which addressed the issue of his transfer and his inability to review the Recommendation—as a motion seeking, in part, relief from judgment under Federal Rule of Civil Procedure 60(b).  (ECF No. 69 at 2.)  The Court granted such relief and vacated its March 18, 2022 orders.  (*Id.* at 3.)  The Court ordered that the Recommendation be mailed to Plaintiff's last known address and that Plaintiff file any objections to the Recommendation by May 10, 2022.  (*Id.*)

Accordingly, the Recommendation was served to Plaintiff's last known address for a second time on April 15, 2022.  (ECF No. 70.)  However, Plaintiff has failed to file objections, and the May 10, 2022 deadline to do so has long past.  Three of the Court's recent documents, including the Recommendation, served on Plaintiff at his address of record—Pendleton—have been returned to the Court as undeliverable.  (ECF Nos. 72–74).  Central to the Court's consideration of this matter is the fact that Plaintiff has failed, not once, but twice, to provide the Court with notice of a change in his current address, which is expressly required of him by D.C.COLO.LCivR 5.1(c).

Having received no objections, the Court reviews the recommendation for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Court concludes that Judge Crews's analysis was thorough and sound, and that there is no clear error on the face of the record.

The remaining portion of Plaintiff's Motion for Leave to Amend which was left under advisement is denied. Entry of "final judgment precludes [a] plaintiff from amending his complaint as of right pursuant to [Federal Rule off Civil Procedure] 15(a)." *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985). "[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to [Rule] 59(e) or 60(b)." *Id.* Thus, an amended complaint is not permissible at this juncture. Therefore, Plaintiff's Motion to Amend is denied.

In accordance with the foregoing, the Court ORDERS as follows:

1. The Recommendation (ECF No. 60) is ADOPTED in its entirety;
2. Defendants' Motion to Dismiss (ECF No. 26) is GRANTED, and Plaintiff's claims for relief are DISMISSED;
3. The remaining portion of Plaintiff's Motion for Leave to Amend Second Amended Complaint (ECF No. 66) is DENIED;
4. Plaintiff's Motion for Preliminary Injunction (ECF No. 68) is DENIED as MOOT;
5. The Clerk shall terminate this case; and

6. Each party shall bear his or her own costs.

Dated this 18th day of May, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge