IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-3007-WJM-SKC

EMMANUEL C. THEUS-ROBERTS,

    Plaintiff,

v.

DEAN WILLIAMS, Executive Director, and
JOAN CARSON, Associate Director of Education,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(b)(1),(3), and (6)**

---

This matter is before the Court on Plaintiff Emmanuel C. Theus-Roberts's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(1),(3), and (6) ("Motion to Vacate"). (ECF No. 77.) Defendants Dean Williams and Joan Carson (jointly, "Defendants") filed a response. (ECF No. 78.) Plaintiff filed a supplement to his Motion. (ECF No. 81.)

Also before the Court is Plaintiff's Motion to Stay Proceedings ("Motion to Stay"). (ECF No. 80.) Defendants did not file a response to the Motion to Stay.

## I. BACKGROUND

Defendants Dean Williams and Joan Carson filed a motion to dismiss all claims against them on May 5, 2021. (ECF No. 26.) On February 22, 2022, United States Magistrate Judge S. Kato Crews recommended that Defendants motion to dismiss be granted. (Recommendation Re: Defendants' Motion to Dismiss ("Recommendation")

[ECF No. 60] at 8.)  On February 24, 2022, the Recommendation was served by mail to Plaintiff's last known address, the Indiana Department of Correction Reception-Diagnostic Center.  (ECF No. 61.)  Under Federal Rule of Civil Procedure 72(b), Plaintiff had fourteen days after service of the Recommendation to file any written objections.  On March 18, 2022, having received no objections, this Court adopted the Recommendation in its entirety and dismissed all claims against Defendants.  (ECF No. 63.)  Accordingly, judgment was entered in favor of Defendants and against Plaintiff on March 18, 2022.  (ECF No. 64.)

However, on March 25, 2022, the copy of the Recommendation mailed to Plaintiff on February 24, 2022, was returned as undeliverable.  (ECF No. 67.)  Apparently, Plaintiff had in the interim been transferred from the Indiana Department of Correction Reception-Diagnostic Center to the Pendleton Correctional Facility.  (ECF Nos. 66, 68.)  Because of his transfer, Plaintiff did not received the Recommendation.

Given Plaintiff's *pro se* status, and in the interest of justice, on April 15, 2022 the Court elected to vacate its order adopting the Recommendation, mail another copy to Plaintiff, and permit Plaintiff to file meritorious objections to the Recommendation by May 10, 2022.  (ECF No. 69.)

On April 15, 2022, the Clerk again mailed the Recommendation and a copy of the Court's Order to Plaintiff (ECF No. 70), and again, both documents were returned as undeliverable and docketed on May 11, 2022 (ECF No. 74).  Of particular note is the language on the front of the envelope that the Clerk sent Plaintiff containing the Order and Recommendation which reads, "Refused by Offender 4-22-22."  (ECF No. 74 at 1.)

May 10, 2022 came and went, with no objections to the Recommendation filed by

Plaintiff. Therefore, on May 18, 2022, the Court again adopted the February 22, 2022 Recommendation, dismissed Plaintiff's case, and entered final judgment in favor of Defendants and against Plaintiff. (ECF Nos. 75, 76.)

## II. LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [six] reasons[.]" Fed. R. Civ. P. 60(b). The first five reasons are scenarios that arise with enough frequency to be specifically called out (*e.g.*, excusable neglect, newly discovered evidence, satisfaction of judgment). *See* Fed. R. Civ. P. 60(b)(1)–(5). Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief." While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999). Ultimately, all Rule 60(b) motions are addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984).

## III. ANALYSIS

On June 10, 2022, Plaintiff filed his Motion to Vacate, in which he accuses the Indiana Department of Corrections ("IDOC") of "deliberately defrauding the Court by falsely returning determinative documents regarding potential disposition of a Colorado suit[.]" (ECF No. 77 at 4–5.) Plaintiff states that "only mail regards [*sic*] this case was fraudulently returned" and "IDOC interference only serves to benefit CDOC [presumably Colorado Department of Corrections]," implying a conspiracy between the Indiana and

3

Colorado Departments of Corrections to chill his constitutional rights. (*Id.* at 5.) Further, he asserts that fraud by IDOC officials is "by definition extraordinary" and excuses his negligence. (*Id.* at 5–6.) Plaintiff does not address the fact that the mail returned to the Court was marked "Refused by Offender."

In their response, Defendants emphasize that Plaintiff offers no explanation as to why his mail may have been marked "refused by offender" and his assertion of a conspiracy between IDOC and CDOC "amounts to speculation without support." (ECF No. 78 at 4.) Further, Defendants point out that Plaintiff provides no evidence substantiating his claim of fraud, misconduct, or misrepresentation, nor does he make any showing that Defendants acted with an intent to deceive or defraud the Court. (*Id.*)

Importantly, Defendants underscore that there is no evidence that *Defendants* or *CDOC* play any role in IDOC's mail room decisions or have any control over whether Plaintiff receives his mail. (*Id.*) Accordingly, *even if* IDOC failed to deliver Plaintiff's mail, Rule 60(b)(3) is directed to conduct by the opposing party, and IDOC is not a party to this litigation. (*Id.*) Beyond his unsupported conspiracy allegations, Plaintiff provides no reason that IDOC's conduct should be attributed to Defendants or CDOC. (*Id.*) For support that no conspiracy exists, Defendants point out that IDOC promptly delivered the Court's May 18, 2022 Order. (*Id.*) Rather than a conspiracy, Defendants reiterate that the *facts* show that Plaintiff refused his mail, resulting in Plaintiff missing a second opportunity to object to the Recommendation. (*Id.* at 5.)

On October 31, 2022, Plaintiff filed a Supplement to the Motion to Vacate ("Supplement"), to which he attached grievances he filed with the IDOC concerning his mail and a letter he wrote to Ryan Cochran, an employee of the Office of Intelligence

and Investigations, who he accuses of illegally withholding his mail.  (ECF No. 81.)  He also includes an affidavit accusing Cochran of falsifying official documents resulting in his legal mail being rejected and returned to sender.[1]  (*Id.* at 2.)

In his July 27, 2022 grievance, Plaintiff states that "I and I had my legal mail and I had to go talk to them and be fingerprinted or I would not receive the mail."[2]  (ECF 81-2 at 2.)  Further, he writes that "I and I has been harassing me to concede an interview" but he has "always refused to speak with them and will continue to do so for the foreseeable future, regardless of any perfidious machinations employed."  (*Id.*)  He states that the situation has "devolved into criminal coercion" whereby "I and I is holding my legal correspondences hostage in an effort to leverage my cooperation."  (*Id.*)  In the Return of Grievance, dated August 16, 2022, the response states that "OII has the right to withhold your legal mail for many reasons.  You will need to get with OII to get your legal mail."  (*Id.* at 3.)

Plaintiff appealed the grievance on August 21, 2022 (*id.* at 9), but the response indicated that the "grievance must be accepted and logged before submitting an appeal" (*id.* at 10).  Plaintiff again appealed the grievance on September 12, 2022 (*id.* at 11), but there is no Return of Grievance explaining the outcome attached to the Supplement.

As an initial matter, Plaintiff did not file a motion to supplement his Motion to Vacate or a motion for an extension of time to file a reply. The Local Rules provide that the "moving party may file a reply no later than 14 days after the date of service of the

---

[1] Plaintiff signed the affidavit, but it was not witnessed by a notary public.

[2] "I and I" appears to be an abbreviation for the Indiana Department of Corrections' Office of Intelligence and Investigations.

response, or such lesser or greater time as the court may allow." D.C.COLO.LCivR 7.1(d).  Defendants' response to the Motion to Vacate was filed on July 1, 2022, so to the extent the Supplement, filed on October 31, 2022, could generously be construed as a reply, it is untimely.  And the Court never granted Plaintiff leave to file any type of supplement.

Nonetheless, in the interest of justice, the Court has considered the Supplement, in addition to the Motion to Vacate and Defendants' response brief.  The Court concludes that the purported evidence submitted with the Supplement contains no more than speculation by Plaintiff concerning a conspiracy between IDOC and CDOC to interfere with Plaintiff's receipt of legal mail.  The allegations in the grievances are his own statements and are devoid of evidence substantiating any claims of misconduct.  Moreover, as Defendants point out, the fact that IDOC promptly delivered the Court's May 18, 2022 Order demonstrates that there is no conspiracy.  Instead, the evidence before the Court shows that the documents were Refused by Offender.  (ECF No. 74.)  As a result, the Court finds that Plaintiff has failed to satisfy Rule 60(b) and denies his Motion to Vacate.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(1)(3) and (6) (ECF No. 77) is DENIED;

2. Plaintiff's Motion to Stay Proceedings (ECF No. 80) is DENIED AS MOOT; and

3. This case remains terminated.

Dated this 17th day of January, 2023.

BY THE COURT:

_____
William J. Martinez
United States District Judge